Walter A. Whipple et al. vs. R. I. Hospital Trust Co., et al. } Eq. No. 9791.

May 1, 1930.

BLODGETT, P. J. Heard upon bill, answer and proof.

The bill alleges that Grace B. Stafford, deceased, in her lifetime caused to be conveyed to complainants a certain parcel of land and a house thereon; that the consideration therefor was love and affection; that said complainants executed a mortgage deed of said premises to said Grace B. Stafford for $2,800 to secure a note for said sum given said Grace B. Stafford; that since the execution thereof they have paid the interest due upon the same; that during her lifetime the said Grace B. Stafford promised said complainants that she would cause said mortgage to be cancelled upon her death and the note cancelled, in consideration of her love and affection for complainants, and only required that interest upon said note be regularly paid to her as long as she lived; that said Grace B. Stafford deceased testate, and that the R. I. Hospital Trust Company was appointed and duly qualified as her executor; that during her lifetime said Grace B. Stafford failed to carry out said agreement and made no provision in her will for the carrying out of the same.

During her lifetime deceased was accustomed to spend parts of each year at the home of complainants as a guest, and apparently, from the record, was at all times welcome and very fond of complainants. There was a period when payments of the interest became overdue and deceased insisted same must be met, but as far as the record goes there was no break in the friendly relations up to her death.

Clarence H. Horton, a real estate agent, testified that he acted as agent for Grace B. Stafford and collected interest on this mortgage; that the complainants fell behind in interest payments; that deceased complained to him and insisted that interest would have to be paid, and directed him to inform complainants that the mortgage would be foreclosed unless interest was paid; "she (deceased) further said she was going to make a new will; that she was going to get her interest; that the property was in their (complainants) name; that in the event of her

death the note will be turned over to them; that this referred to an existing will; that when I told her I would make, or had made, arrangements to have this mortgage taken by another party, she replied 'All right but I think they (complainants) would be foolish * * * they had better pay me the interest'; that the interest was afterwards paid and she (deceased) seemed always pleased afterwards."

This testimony from a disinterested witness leads the Court to believe that such a promise was made as testified to by complainants, and that Grace B. Stafford did agree at the time of the execution of said mortgage and note to provide for the cancellation of the same in her will.

The Court is of the opinion that this agreement continued in force up to the time of the decease of Grace B. Stafford and that complainants are entitled to the relief prayed for.

Bill sustained.

For complainants: Wilson, Churchill & Curtis.

For respondents: Tillinghast and Collins.